IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOSEPH J. FLOWERS,                          )  No. C 08-4179 CW (PR)
                                            )
                Plaintiff,                  )
                                            )  ORDER OF DISMISSAL WITH
        v.                                  )  LEAVE TO AMEND
                                            )
ALAMEDA COUNTY SHERIFF GREGORY              )
AHERN, et al.,                              )
                                            )
                Defendants.                 )
_____    )

INTRODUCTION

Plaintiff Joseph Flowers, who is currently incarcerated in the Marin County Jail, has filed a pro se complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

Venue is proper because Plaintiff alleges constitutional violations against him by jail officials at the Santa Rita County Jail and the North County Jail, which are both located in the Northern District of California. See 28 U.S.C. §§ 84(a), 1391(b).

BACKGROUND

Plaintiff alleges multiple constitutional violations, which he experienced while he was incarcerated at Santa Rita County Jail and North County Jail in 2007. (Compl. at 3-18.) He claims he was given "spoiled and unhealthy" meals, subjected to "solitary confinement as a result of his refusal to cease and desist from practicing law," subjected to mail tampering, "beaten near death," subjected to deliberate indifference to his serious medical needs," "sexually assaulted and discriminated against upon at least fourteen different occasions," housed in administrative segregation for "the duration of [his] incarceration for unfound

United States District Court
For the Northern District of California

reasons," and placed in a cell with "mainline inmates," who "ransacked" the cell and "abused" him.  (Id.)

Plaintiff names the following as Defendants:  Alameda County Sheriff Gregory Ahern and Alameda County Sheriff's Deputies H.C. McKenzie, J. DeLeon, R. Kull, A. Valvedia, Smith, Fischer, C. Delima, and Jones, as well as "others not yet named."  (Id. at 1.) He seeks injunctive relief and monetary damages.

DISCUSSION

I.   Plaintiff's Claims

A.   Claim for Injunctive Relief

The jurisdiction of the federal courts depends on the existence of a "case or controversy" under Article III of the Constitution.  Pub. Util. Comm'n of State of Cal. v. FERC, 100 F.3d 1451, 1458 (9th Cir. 1996).  A claim is considered moot if it has lost its character as a present, live controversy and if no effective relief can be granted; where the question sought to be adjudicated has been mooted by developments subsequent to filing of the complaint, no justiciable controversy is presented.  Flast v. Cohen, 392 U.S. 83, 95 (1968).  Where injunctive relief is requested, questions of mootness are determined in light of the present circumstances.  See Mitchell v. Dupnik, 75 F.3d 517, 528 (9th Cir. 1996).

When an inmate has been transferred to another prison and there is no reasonable expectation nor demonstrated probability that he will again be subjected to the prison conditions from which he seeks injunctive relief, the claim for injunctive relief should be dismissed as moot.  See Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995).  A claim that the inmate might be re-

United States District Court
For the Northern District of California

transferred to the prison where the injury occurred is too speculative to overcome mootness.  Id.

Although Plaintiff was previously incarcerated at the Santa Rita County Jail and the North County Jail, his transfer to Marin County Jail rendered moot his claim for injunctive relief against jail officials at the Santa Rita County Jail and the North County Jail.  See id.  Accordingly, Plaintiff's action for injunctive relief is dismissed.

B.   Claims for Monetary Damages

Plaintiff's transfer did not render moot any claims for monetary damages against jail officials at the Santa Rita County Jail and the North County Jail.  If Plaintiff wishes to bring such claims, he should amend his complaint to state that he seeks damages, and to allege specifically how each named defendant actually and proximately caused the deprivation of a federally protected right, as directed below.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

C.   Claims Against the Oakland Police Department

Plaintiff's complaint also alleges claims against officers from the Oakland Police Department (OPD) stemming from a traffic stop on March 20, 2007.  (Compl. at 17-18.)  These claims are unrelated to Plaintiff's claims against the named defendants from the Alameda County Sheriff's Department, and Plaintiff has not properly joined the claims against the OPD officers with his civil rights action against these named defendants.

Accordingly, if Plaintiff wishes to sue the officers from the OPD, he may bring those claims in a separate lawsuit against these officers.

II.   Exhaustion of Administrative Remedies

The Prison Litigation Reform Act of 1995 (PLRA) amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

Exhaustion is mandatory and no longer left to the discretion of the district court.  Woodford v. Ngo, 548 U.S. 81, 84 (2006) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).  "Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards."  Id.  The PLRA's exhaustion requirement requires "proper exhaustion" of available administrative remedies. Id. at 2387.

An action must be dismissed unless the prisoner exhausted his available administrative remedies before he or she filed suit, even if the prisoner fully exhausts while the suit is pending. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002); see Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) (where administrative remedies are not exhausted before the prisoner sends his complaint to the court it will be dismissed even if exhaustion is completed by the time the complaint is actually filed).

If the court concludes that the prisoner has not exhausted non-judicial remedies, the proper remedy is dismissal without prejudice.  Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003). A prisoner's concession to non-exhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies.  Id.

4

1   Accordingly, a claim may be dismissed without prejudice if it is
2   clear from the record that the prisoner has conceded that he did
3   not exhaust administrative remedies.  See id.

4       Here, the claims raised in Plaintiff's complaint appear not
5   to have been exhausted through the administrative grievance
6   procedure.  Plaintiff states that he filed "tort claims."  (Compl.
7   at 2.)  He also alleges that he was "denied access to a county
8   grievance;" therefore, the "county appeal process was exhausted."
9   (Id.)  However, Plaintiff fails to specify whether he exhausted
10  his available administrative remedies before he filed suit.  And
11  he appears to be referring to the county administrative tort
12  claims procedure.  He does not specifically address exhaustion of
13  the jails' grievance procedure.  Because Plaintiff did not attach
14  any of his grievance forms, the Court is unable to determine if
15  Plaintiff satisfied the administrative remedies exhaustion
16  requirement on each of the claims he alleges, prior to filing his
17  suit.  Therefore, it appears from the face of the complaint that
18  Plaintiff has not exhausted his administrative remedies.

19      Accordingly, the complaint is DISMISSED for this reason, with
20  leave to amend.  In his amended complaint, Plaintiff must show
21  that he exhausted his administrative remedies with respect to the
22  claims in his complaint before he filed his suit.
23  III. Defendants
24      A.   Named Defendants
25      Plaintiff must allege facts sufficient to show that
26  Defendants' actions rise to the level of constitutional
27  violations.  As mentioned above, he is attempting to hold
28  Defendants Ahern, McKenzie, DeLeon, Kull, Valvedia, Smith,

United States District Court
For the Northern District of California

Fischer, Delima, and Jones liable for the claims in his complaint; therefore, he must allege facts showing what each defendant did that violated his constitutional rights. See Leer, 844 F.2d at 634 (sweeping conclusory allegations will not suffice; the plaintiff must instead set forth specific facts as to each individual defendant's actions which violated his or her rights). If Plaintiff claims that any of the named Defendants are liable as supervisors, he must allege that these Defendants "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor may be liable under § 1983 upon a showing of personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045. A supervisor may be liable for implementing "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Redman, 942 F.2d at 1446; see Jeffers v. Gomez, 267 F.3d 895, 917 (9th Cir. 2001).

Because Plaintiff has not linked any of the named Defendants to his claims, no claim for damages can proceed unless Plaintiff amends his complaint to cure this pleading deficiency.

6

United States District Court
For the Northern District of California

B.    Unnamed Defendants

Plaintiff mentions "others not yet named" whose names he apparently intends to learn through discovery.  Where the identity of alleged defendants cannot be known prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify them.  <u>Gillespie v. Civiletti</u>, 629 F.2d 637, 642 (9th Cir. 1980).  Failure to afford the plaintiff such an opportunity is error.  <u>See</u> <u>Wakefield v. Thompson</u>, 177 F.3d 1160, 1163 (9th Cir. 1999).

Accordingly, Plaintiff's claims against the unnamed defendants are DISMISSED.  Should Plaintiff learn the identities of the unnamed defendants, he may move for leave to amend to add them as named defendants.  <u>See</u> <u>Brass v. County of Los Angeles</u>, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.    Plaintiff's action for injunctive relief is dismissed.

2.    If Plaintiff wishes to bring any claims for monetary damages, he must amend his complaint:  (1) to state that he seeks such damages; (2) to allege specifically how each named Defendant actually and proximately caused the deprivation of a federally protected right; and (3) to allege facts which show that he exhausted all available administrative remedies with respect to these claims before he filed this lawsuit.  Within <u>thirty (30) days</u> from the date of this Order, Plaintiff may file an amended complaint as set forth above.  He must use the attached civil rights form, write the case number for this action -- Case No. C 08-4179 CW (PR) -- on the form, clearly label the complaint "Amended Complaint," and complete all sections of the form.

7

Because an amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.), cert. denied, 506 U.S. 915 (1992); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987); London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981).  He may not incorporate material from the original complaint by reference.  Plaintiff's failure to file an amended complaint will result in the dismissal of this action without prejudice for failure to exhaust administrative remedies and for failure to state a claim upon which relief may be granted.

3.    Plaintiff's claims against the unnamed defendants are DISMISSED.  Should Plaintiff learn the identities of these defendants, he may move for leave to amend to add them as named defendants.  See Brass, 328 F.3d at 1195-98.

4.    If Plaintiff wishes to sue the officers from the OPD stemming from the traffic stop on March 20, 2007, he may bring those claims in a separate lawsuit against these officers.

5.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's Orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6.    The Clerk of the Court shall send Plaintiff a blank civil rights form along with a copy of this Order.

IT IS SO ORDERED.

DATED: 7/1/09

_Claudia Wilken_
CLAUDIA WILKEN
United States District Judge

1

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

2

3

4        JOSEPH J. FLOWERS,                                    Case Number: CV08-04179 CW

5                      Plaintiff,                              **CERTIFICATE OF SERVICE**

6            v.

7        ALAMEDA COUNTY SHERIFF et al,

8                      Defendant.
                                                          /

9

10       I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
         Court, Northern District of California.

11
         That on July 1, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said
12       copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing
         said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
13       located in the Clerk's office.

14

15

16       Joseph J. Flowers              w/CR form
         Marin County Jail
         13 Peter Behr Dr.
17       San Rafael,  CA 94903

18       Dated: July 1, 2009

19                                                        Richard W. Wieking, Clerk
                                                          By: Sheilah Cahill, Deputy Clerk

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California