IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOSEPH J. FLOWERS,

    Plaintiff,

  v.

ALAMEDA COUNTY SHERIFF GREGORY AHERN, et al.,

    Defendants.

No. C 08-4179 CW (PR)

SECOND ORDER OF DISMISSAL WITH LEAVE TO AMEND

    Plaintiff Joseph Flowers, who is currently incarcerated in the Marin County Jail, filed a pro se complaint under 42 U.S.C. § 1983.

    On July 1, 2009, the Court issued an order of dismissal with leave to amend. The Court summarized Plaintiff's claims as follows:

> Plaintiff alleges multiple constitutional violations, which he experienced while he was incarcerated at Santa Rita County Jail and North County Jail in 2007. (Compl. at 3-18.) He claims he was given "spoiled and unhealthy" meals, subjected to "solitary confinement as a result of his refusal to cease and desist from practicing law," subjected to mail tampering, "beaten near death," subjected to deliberate indifference to his serious medical needs," "sexually assaulted and discriminated against upon at least fourteen different occasions," housed in administrative segregation for "the duration of [his] incarceration for unfound reasons," and placed in a cell with "mainline inmates," who "ransacked" the cell and "abused" him. (Id.)
>
> Plaintiff names the following as Defendants: Alameda County Sheriff Gregory Ahern and Alameda County Sheriff's Deputies H.C. McKenzie, J. DeLeon, R. Kull, A. Valvedia [sic], Smith, Fischer, C. Delima, and Jones, as well as "others not yet named." (Id. at 1.) He seeks injunctive relief and monetary damages.

(July 1, 2009 Order at 1-2.)

    The Court dismissed Plaintiff's claims for injunctive relief.

His claims for monetary damages against jail officials at the Santa Rita County Jail and the North County Jail were dismissed with leave to amend. Plaintiff was directed to "amend his complaint to state that he seeks damages, and to allege specifically how each named defendant actually and proximately caused the deprivation of a federally protected right, as directed below." (July 1, 2009 Order at 3 (citing Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).) Plaintiff's claims against the Oakland Police Department (OPD) stemming from a traffic stop on March 20, 2007 were found to be "unrelated to Plaintiff's claims against the named defendants from the Alameda County Sheriff's Department." (July 1, 2009 Order at 3.) Because Plaintiff had "not properly joined the claims against the OPD officers with his civil rights action against these named defendants," the Court directed Plaintiff to "bring those claims in a separate lawsuit against these officers." (Id.) In addition, Plaintiff's complaint was deficient because he "did not specifically address exhaustion of the jails' grievance procedure." (Id. at 5.) The Court also found that Plaintiff had "not linked any of the named Defendants to his claims," and stated that "no claim for damages can proceed unless Plaintiff amends his complaint to cure this pleading deficiency." (Id. at 6.) Finally, the Court dismissed Plaintiff's claim against the unnamed defendants. (Id. at 7.) The Court gave Plaintiff a thirty-day deadline to file an amended complaint providing factual and legal bases for his claims.

On August 3, 2009, Plaintiff filed an amended complaint. In his amended complaint, Plaintiff again alleges multiple constitutional violations. (Am. Compl. at 3.) He states that:

> . . . Alameda County, SAC County, Marin County Sheriff's, Oakland Police Dept. and Hayward Police Dept. all acted in concert in a conspiracy from on or about 3-20-07 till currently, to deprive and invade Plaintiff['s] personal constitutional rights. The defendants used server [sic] unlawful tactics and procedures throughout the course of the overt acts herein; they beat Plaintiff near death, threated [sic] Plaintiff with fear and intimidation, invaded into Plaintiff's attorney client relationships unlawfully using monitoring tatics [sic], easedropping [sic] survalince [sic] . . . opening legal mail outside the prences [sic] of Plaintiff while held in A/S confinement units for unreasonable reasons, denied medical treatments . . . .

(Id.) He also attaches twenty-two single-spaced handwritten pages entitled "Supplemental with Points and Authorities Under Rules 15(a) - 15(c) (Amended Complaint)." (Attach. at 1.)

Plaintiff names the following as Defendants: Alameda County Sheriff Gregory Ahern; Alameda County Sheriff's Deputies H.C. McKenzie, R. Kull, A. Valvedra, W. Posey, Jones, Fisher, Smith, C. Delima; Marin County Sheriff's Deputies Robert T. Doyle, J. Baker, "G. F.," and "S. S.," Sacramento County Sheriff's Deputies John McGinness, and G. Hogan; Oakland Police Officers C. Crabtree, S. Armerding, D. Walker, J. Doolittle, J. Clement; and the Hayward Police Department. (Id. at 1.) Plaintiff seeks monetary damages.

DISCUSSION

I. Legal Claims

Plaintiff's amended complaint is mostly handwritten. Although Plaintiff used the Court's civil rights complaint form when he filed his amended complaint, as mentioned above, he has attached twenty-two additional pages containing claims that cover a variety of topics. He begins by stating that the "named above defendants all acted in one way or another in connection to deprive the Plaintiff of several U.S. Constitutional Rights (the

3

First, Fourth, Fifth, Six [sic], Eight [sic] and Fourteeth [sic] Amendments.) All Defendants acted unlawful[ly] and with the intent to commit an unlawful act." (Attach. at 1.) However, Plaintiff does not clearly support his claims with facts relating to these alleged violations. He has merely attached twenty-two additional pages outlining his conclusory claims in an unorganized fashion.

It is impossible to ascertain from Plaintiff's conclusory allegations in his amended complaint what claims he seeks to bring in federal court, much less how he exhausted his administrative remedies as to those claims. His attachments also confuse matters further by raising new arguments and claims.

"The Federal Rules require that averments 'be simple, concise, and direct.'" McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996). Prolix, confusing complaints such as the amended complaint Plaintiff has filed impose unfair burdens on litigants and the court and fail to perform the essential functions of a complaint. Cf. id. at 1179-80. Accordingly, Plaintiff's amended complaint is DISMISSED with leave to amend in order to give Plaintiff the opportunity to file a simple, concise and direct complaint which states clearly and succinctly each claim he seeks to bring in federal court and explains how he has exhausted his administrative remedies as to each claim. Plaintiff's original complaint alleged multiple constitutional violations, which he experienced while he was incarcerated at Santa Rita County Jail and North County Jail in 2007. Therefore, Plaintiff's amended complaint may include only claims against the named Defendants from the Alameda County Sheriff's Department, as directed below.

4

II. Defendants

A. Defendants from the Alameda County Sheriff's Department

Plaintiff must allege facts sufficient to show that the actions of the named Defendants from the Alameda County Sheriff's Department (ACSD) rise to the level of constitutional violations. As mentioned above, he is attempting to hold prison officials from the ACSD -- specifically Defendants Ahern, McKenzie, Kull, Valvedia, Posey, Jones, Fisher, Smith, Delima -- liable for the claims in the amended complaint. Plaintiff must allege facts showing what each defendant did that violated his constitutional rights. See Leer, 844 F.2d at 634 (sweeping conclusory allegations will not suffice; the plaintiff must instead set forth specific facts as to each individual defendant's actions which violated his or her rights). If Plaintiff claims that any of the named Defendants are liable as supervisors, he must allege that these Defendants "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor may be liable under § 1983 upon a showing of personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045. A supervisor may be liable for implementing "a policy so deficient that the policy

itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." <u>Redman</u>, 942 F.2d at 1446; see <u>Jeffers v. Gomez</u>, 267 F.3d 895, 917 (9th Cir. 2001).

Because Plaintiff has not linked any of the named Defendants from the ACSD to his claims, no claim for damages can proceed unless Plaintiff amends his complaint to cure this pleading deficiency.

    B.    Defendants from the Oakland Police Department, the Hayward Police Department, and the Marin County Sheriff's Department

As mentioned above, the Court has previously instructed Plaintiff that if he wished to sue the officers from the OPD stemming from the traffic stop on March 20, 2007, then "he may bring those claims in a separate lawsuit against these officers." (July 1, 2009 Order at 3.) In his amended complaint, Plaintiff has named Defendants from the OPD. He has also added named Defendants from the Marin County Sheriff's Department (MCSD). Finally, Plaintiff has named the Hayward Police Department (HPD) as a Defendant in his amended complaint; however, Plaintiff has not named specific Defendants from the HPD. Any claims Plaintiff may have against specific Defendants from the HPD and from the MCSD are unrelated to his claims against the named Defendants from the ACSD and are not properly joined with his civil rights action against the named ACSD Defendants. Accordingly, all claims against the OPD, HPD and MCSD Defendants are DISMISSED without prejudice to bringing those claims in separate lawsuits against these Defendants.

6

C.  Defendants from the Sacramento County Sheriff's Department

If Plaintiff seeks to bring an action in federal court against named Defendants from the Sacramento County Sheriff's Department (SCSD), he must file a civil rights complaint under 42 U.S.C. § 1983 in the Eastern District of California. Accordingly, all claims against named Defendants from the SCSD are DISMISSED without prejudice.

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.  Plaintiff's amended complaint is DISMISSED with leave to amend. The amended pleading must be on the Court's civil right complaint form and must include the caption and civil case number used in this Order -- No. C 08-4179 CW (PR) -- and the words SECOND AMENDED COMPLAINT on the first page. Because his second amended complaint will completely replace the original and amended complaints, Plaintiff must include in it all the claims he has been given leave to present. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.), cert. denied, 506 U.S. 915 (1992); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987); London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). He may not incorporate material in his second amended complaint from his original or amended complaints by reference. Plaintiff may include only his claims of constitutional violations against the named Defendants from the Alameda County Sheriff's Department, which he experienced while he was incarcerated at Santa Rita County Jail and North County Jail in 2007. Failure to file a proper second amended complaint within the thirty-day deadline will result in the dismissal of this action without prejudice for

failure to exhaust administrative remedies and for failure to state a claim upon which relief may be granted.

3. All claims against the named OPD, HPD and MCSD Defendants are DISMISSED without prejudice to bringing those claims in a separate lawsuit against these Defendants.

4. All claims against named Defendants from the SCSD are DISMISSED without prejudice. If Plaintiff seeks to bring an action in federal court against these Defendants, he must file a civil rights complaint under 42 U.S.C. § 1983 in the Eastern District of California.

5. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's Orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6. The Clerk of the Court shall send Plaintiff a blank civil rights form along with a copy of this Order.

IT IS SO ORDERED.

DATED: 2/3/10

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JOSEPH J. FLOWERS,

        Plaintiff,

v.

ALAMEDA COUNTY SHERIFF et al,

        Defendant.

Case Number: CV08-04179 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 3, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

```
Joseph J. Flowers        w/ blank civil rights form
Marin County Jail
13 Peter Behr Dr.
San Rafael, CA 94903
```

Dated: February 3, 2010

        Richard W. Wieking, Clerk
        By: Sheilah Cahill, Deputy Clerk