IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH J. FLOWERS,<br><br>          Plaintiff,<br><br>     v.<br><br>ALAMEDA COUNTY SHERIFF GREGORY AHERN,<br>et al.,<br><br>          Defendants.<br>                                        / | No. 08-04179 CW<br><br>ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND AND ORDER DENYING MOTION FOR THREE-JUDGE PANEL<br>(Docket # 26) |

Plaintiff Joseph J. Flowers, a state inmate currently incarcerated at the Marin County jail, has filed this civil rights action concerning events that took place when he was a pretrial detainee in the Alameda County Jail.[1] On February 3, 2010, the Court issued a Second Order of Dismissal with Leave to Amend in which it noted that, in his original complaint, Plaintiff attempted to state claims against employees of the Alameda County Sheriff's Department, the Marin County Sheriff's Department, the Sacramento County Sheriff's Department and the Oakland Police Department. The Court ruled that Plaintiff's Second Amended Complaint (SAC) may include only claims against the named Defendants from the Alameda County Sheriff's Department and that, if he wished to pursue claims against employees of other law enforcement agencies, he must bring

---

[1] Plaintiff does not explicitly state he was a pretrial detainee at the time of the events giving rise to his claims. However, the Court infers this from the allegations in his Second Amended Complaint.

those claims in separate lawsuits.[2]  The Court also explained that, in an SAC, Plaintiff must allege facts showing what each named Defendant did that violated his constitutional rights and, if Plaintiff claimed that any of the Defendants were liable as supervisors, he must allege that they "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  On March 3, 2010, Plaintiff filed this SAC.

                              BACKGROUND

In the captions of his original and first amended complaints, Plaintiff named Alameda County Sheriff Gregory J. Ahern and other individuals defendants.  However, in the caption of his SAC, he only names Sheriff Ahern and indicates other individuals by use of "et al."  The use of "et al." in the caption of a complaint fails to provide notice to the individuals who are being sued.  Therefore, for this reason alone, the SAC must be dismissed with leave to amend for Plaintiff to name each individual he is suing in the caption of the amended complaint.  The Court now reviews the SAC.

In his SAC, Plaintiff divides his factual allegations into the following eight claims.

I. Claim One

From March 20, 2007 to August 2, 2007 and from May 13, 2008 to August 22, 2008, Plaintiff was placed in Administrative Segregation (AS) without judicial review or notice of any violations which

---

[2] For this reason, among others, the Court denies Plaintiff's motion for a three-judge panel to order his release from the Marin County jail.  (Docket # 26).

2

warranted placing him in AS.  Plaintiff alleges that Deputies Jones, Smith and Delima refused to file his grievances about being placed in AS.  Plaintiff alleges that Sheriff Gregory Ahern participated in, supervised or directed this unlawful conduct and implemented the policy which allowed it to occur.  Plaintiff brings this claim against Sheriff Ahern and Deputies Smith, C. Delima and Jones and mentions other defendants who are unknown at this time. As indicated above, only Sheriff Ahern is named in the caption of the SAC.

II. Claim Two

On August 3, 2007, Plaintiff gave two pieces of legal mail to the "out going mail personal person," who assured him that the mail would be shipped out soon.  After Plaintiff had not heard from the court, he filled out a form to request a search for lost mail.  He learned that his legal mail had been opened and the contents had been misplaced.  As a result, a court ruling in his case was affected.  Sheriff Ahern is responsible for the policy and procedures that allowed Plaintiff's mail to be opened and its contents to be lost.  Plaintiff brings this claim against Sheriff Ahern and mentions deputies who are unknown at this time.

III. Claim Three

On August 2, 2007, Plaintiff was transferred from North County jail to Santa Rita jail. Upon arriving at Santa Rita jail, Plaintiff, who was wearing red clothing, was placed in a cell with two inmates who were dressed in yellow clothing.  The colors represent segregation status and inmates wearing different colored clothing are not to be placed in cells together.  The two inmates

3

dressed in yellow clothes took possession of Plaintiff's legal materials, ripped them up and flushed them down the toilet. The legal materials were hard copies of Plaintiff's criminal appeal. Also, these inmates physically abused Plaintiff. Deputy Fisher witnessed this incident and could have prevented Plaintiff's abuse and the destruction of his legal materials, but she did nothing to prevent it. Plaintiff brings this claim against Sheriff Ahern and Deputy Fisher and mentions other unknown deputies. As indicated above, only Sheriff Ahern is named in the caption of the SAC.

IV. Claim Four

On May 13, 2008, Plaintiff was arrested[3] and taken to Santa Rita jail for routine booking. He was placed in handcuffs, taken to a closed-off section of the jail and beaten by several Sheriff's deputies. After the incident, Plaintiff was told not to report it. As a result of the beating, Plaintiff suffers from head, neck and back pain, hip problems and right wrist problems. Plaintiff brings this claim against Sheriff Ahern and mentions deputies who are unknown at this time.

V. Claim Five

On May 13, 2008, as a result of the above-mentioned assault, Plaintiff needed medical treatment, but the deputies, who knew of Plaintiff's need for medical treatment, refused to allow him to see a medical practitioner. Plaintiff was also not allowed to have physical therapy. Because of his lack of medical treatment, Plaintiff re-injured himself when he tried to walk up and down

---

[3] It appears that Plaintiff was arrested twice during the time period covered by the SAC.

4

flights of stairs. Sheriff Ahern's policies and procedures allowed his deputies to ignore Plaintiff's need for medical attention.

Plaintiff brings this claim against Sheriff Ahern and Deputies Jones, Smith, J. DeLeon, C. Nelson, C. Delima, R. Kull and A. Valvedia. Only Sheriff Ahern is named in the caption of the SAC. Plaintiff also mentions other deputies who are unknown at this time.

VI. Claim Six

On July 28, 2008, Plaintiff was harassed by being repeatedly strip searched without cause. Also, Deputies Smith, J. DeLeon, C. Delima and H.C. McGinness made verbal remarks about Plaintiff's private parts in the presence of female nurses and other inmates and repeatedly made fun of, humiliated and embarrassed Plaintiff. As a result, Plaintiff suffered severe emotional pain and suffering. Sheriff Ahern is also responsible.

Plaintiff brings this claim against Sheriff Ahern and Deputies Smith, DeLeon, Delima and McGinness. Only Sheriff Ahern is named in the caption of the SAC.

VII. Claim Seven

On August 21, 2008, Deputy W. Posey escorted Plaintiff from his cell to a medical appointment. Deputy Posey intentionally failed to secure Plaintiff's cell so that other inmates or deputies could enter his cell while he was gone and tamper with Plaintiff's legal documents and other personal property. Several of these legal documents were never returned to Plaintiff, which deprived him of his right to fair access to the courts. On July 10, 2008, Plaintiff forwarded to Deputy McNeill legal documents to be copied.

5

However, Deputy McNeill never returned these legal documents to Plaintiff. Plaintiff brings this claim against Deputies Posey and McNeill, who are not named in the caption of the SAC.

## VIII. Claim Eight

From May 13, 2008 to October 1, 2008, the food Plaintiff was served was tampered with. For instance, Plaintiff was served beans with several metal objects, causing Plaintiff to choke. Some of the food served to Plaintiff was spoiled. Plaintiff found bugs on his food tray, put them in an envelope and gave them to Deputy C. Nelson for safe-keeping. Although Deputy Nelson promised to return the envelope to Plaintiff, he never did so. Sheriff Ahern's policies allowed the food-tampering. Plaintiff brings this claim against Sheriff Ahern and Deputy Nelson, who is not named in the caption. Plaintiff also mentions other deputies who are unknown at this time.

Plaintiff alleges that he has "filed and exhausted all legal county grievances allowed at the time of incarceration." For this initial review, the Court will accept these allegations as stating that Plaintiff has exhausted administrative remedies.

## DISCUSSION

## I. Review Under 28 U.S.C. § 1915A(a)

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary

6

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). <u>Pro se</u> pleadings must be liberally construed. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

II. Unnamed Defendants

Plaintiff purports to sue sheriff's deputies who are unknown at this time. In situations where the identity of alleged defendants cannot be known prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds. <u>Gillespie v. Civiletti</u>, 629 F.2d 637, 642 (9th Cir. 1980); <u>Velasquez v. Senko</u>, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986). Accordingly, the claims against unnamed defendants are DISMISSED without prejudice. If Plaintiff discovers any or all of their identities while this action is pending and can in good faith assert facts alleging constitutionally cognizable claims for relief against them, he may move for leave to amend his complaint to add them as named Defendants.

III. Administrative Segregation -- Claim One

When a pretrial detainee challenges conditions of his

7

1 confinement, the proper inquiry is whether the conditions amount to
2 punishment in violation of the Due Process Clause of the Fourteenth
3 Amendment. Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979).
4 "'[T]he State does not acquire the power to punish with which the
5 Eighth Amendment is concerned until after it has secured a formal
6 adjudication of guilt in accordance with due process of law.'" Id.
7 (quoting Ingraham v. Wright, 430 U.S. 651, 671-72 n.40 (1977)).

8     The state may detain a pretrial detainee "to ensure his
9 presence at trial and may subject him to the restrictions and
10 conditions of the detention facility so long as those conditions
11 and restrictions do not amount to punishment or otherwise violate
12 the Constitution." Id. at 536-37. If a particular condition or
13 restriction of pretrial detention is reasonably related to a
14 legitimate governmental objective, it does not, without more,
15 amount to "punishment." Id. at 539. To determine whether
16 particular restrictions and conditions accompanying pretrial
17 detention amount to punishment in the constitutional sense of the
18 word, the court first looks to whether the disability imposed is
19 for the purpose of punishment or whether it is but an incident of
20 some other legitimate governmental purpose. Id. at 538. For
21 example, states must be able to maintain security and order at
22 pretrial facilities, and restraints that are reasonably related to
23 an interest in maintaining jail security are not, without more,
24 unconstitutional punishment. Id. at 540.

25     Even though pretrial detainees' claims arise under the Due
26 Process Clause, the Ninth Circuit has determined that the
27 appropriate standard of review for evaluating constitutional claims
28

8

of pretrial detainees is the same one used to evaluate convicted prisoners' claims under the Eighth Amendment. Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir. 1996). "The requirement of conduct that amounts to 'deliberate indifference' provides an appropriate balance of the pretrial detainees' right to not be punished with the deference given to prison officials to manage the prisons." Redman v. County of San Diego, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc). Disciplinary segregation as punishment for violation of jail rules and regulations cannot be imposed without due process, i.e., without complying with the procedural requirements of Wolff v. McDonnell, 418 U.S. 539 (1974). Mitchell v. Dupnik, 75 F.3d 517, 523-26 (9th Cir. 1996).

Plaintiff's allegations that he was placed in administrative segregation without notice or any administrative review process is sufficient to state a due process violation claim against Deputies Smith, Delima and Jones. However, they cannot be served until Plaintiff submits an amended complaint listing them in the caption. Plaintiff's allegation that Sheriff Ahern's policies and procedures allowed the due process violation is sufficient to state a cognizable claim against him.

IV. Legal Mail -- Claim Two

Prisoners enjoy a First Amendment right to send and receive mail. Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (citing Thornburgh v. Abbott, 490 U.S. 401, 407 (1989)). A prison, however, may adopt regulations or practices which impinge on a prisoner's First Amendment rights as long as the regulations are "reasonably related to legitimate penological interests." Turner

9

v. Safley, 482 U.S. 78, 89 (1987).  Prison officials may institute procedures for inspecting "legal mail," e.g., mail sent between attorneys and prisoners, see Wolff v. McDonnell, 418 U.S. 539, 576-77 (1974) (incoming mail from attorneys), and mail sent from prisoners to the courts, see Royse v. Superior Court, 779 F.2d 573, 574-75 (9th Cir. 1986) (outgoing mail to court).  But the opening and inspecting of "legal mail" outside the presence of the prisoner may have an impermissible "chilling" effect on the constitutional right to petition the government.  O'Keefe v. Van Boening, 82 F.3d 322, 325 (9th Cir. 1996) (citing Laird v. Tatum, 408 U.S. 1, 11 (1972)).  If so, prison officials must establish that legitimate penological interests justify the policy or practice.  O'Keefe, 82 F.3d at 327.  Generally, "legal mail" may not be read or copied without the prisoner's permission.  Casey v. Lewis, 43 F.3d 1261, 1269 (9th Cir. 1994), rev'd on other grounds, 518 U.S. 343 (1996).  But again, prison officials may establish that legitimate penological interests justify the policy or practice.  O'Keefe, 82 F.3d at 327.

Plaintiff's allegations in claim two are sufficient to state a cognizable First Amendment claim against Sheriff Ahern for the policy and procedures that interfered with Plaintiff's receipt of his mail.

V. Attack By Other Inmates –- Claim Three

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners.  Farmer v. Brennan, 511 U.S. 825, 832 (1994).  In particular, prison officials have a duty to protect prisoners from violence at the

10

hands of other prisoners. Id. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate safety. Farmer, 511 U.S. at 834; Hearns, 413 F.3d at 1040-41.

The allegations in claim three are sufficient to state a cognizable claim against Deputy Fisher for deliberate indifference to Plaintiff's safety. However, Deputy Fisher cannot be served until Plaintiff submits an amended complaint with her name in the caption. Plaintiff fails to allege any conduct by Sheriff Ahern that violated his constitutional rights. Therefore, this claim against Sheriff Ahern is dismissed.

VI. Beatings by Deputies -- Claim Four

The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. Helling v. McKinney, 509 U.S. 25, 31 (1993). "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Whitley v. Albers, 475 U.S. 312, 319 (1986) (ellipsis in original). A pretrial detainee is protected from the use of excessive force by the Due Process Clause of Fourteenth Amendment, which is construed in the same way as the Eighth Amendment's proscription against cruel and unusual punishment. Graham v. Connor, 490 U.S. 386, 395 n.10. (1989); Carnell, 74 F.3d

11

at 979. A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, Farmer, 511 U.S. at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)), and (2) the prison official must possess a sufficiently culpable state of mind, i.e., the offending conduct must be wanton, id. (citing Wilson, 501 U.S. at 297); LeMaire v. Maass, 12 F.3d 1444, 1451 (9th Cir. 1993).

The allegations in claim four state a cognizable cause of action for excessive force. However, Plaintiff fails to name any individuals who participated in these beatings, nor does he mention any conduct by Sheriff Ahern that implicates him in the constitutional violation. Therefore, this claim is dismissed with leave to move to amend should Plaintiff learn the identities of the deputies who took part in the physical abuse of Plaintiff.

VII. Deliberate Indifference to Serious Medical Needs -- Claim Five

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A pre-trial detainee's claim for deliberate indifference to medical needs derives from the due process clause rather than the Eighth Amendment's protection against cruel and unusual punishment. Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002) (citing Bell, 441 U.S. at 535). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and

12

the nature of the defendant's response to that need. <u>McGuckin</u>, 974 F.2d at 1059.

The allegations in claim five are sufficient to state a cognizable claim for deliberate indifference to Plaintiff's serious medical needs. However, although Plaintiff names Deputies Jones, Smith, DeLeon, Nelson, Delima, Kull and Valvedia in the body of this claim, he fails to allege the conduct of each individual deputy that violated his constitutional rights. Therefore, this claim is dismissed against these deputies with leave to amend to remedy this deficiency and to include them in the caption of the complaint. The allegation that Sheriff Ahern's policies and procedures enabled the individual deputies to violate Plaintiff's constitutional right to receive medical treatment for serious medical needs is insufficient to state a cognizable claim against him. This claim against him is dismissed with leave to amend, if he can correct this deficiency.

VIII. Strip Searches -- Claim Six

Incarcerated prisoners retain a limited right to bodily privacy. <u>Michenfelder v. Sumner</u>, 860 F.2d 328, 333 (9th Cir. 1988). Shielding one's unclothed figure from the view of strangers, particularly strangers of the opposite sex, is impelled by elementary self-respect and personal dignity. <u>Grummett v. Rushen</u>, 779 F.2d 491, 494 (9th Cir. 1985). Prisoners and pretrial detainees in institutional settings may be subjected to strip searches and body cavity searches if they are conducted in a reasonable manner. <u>Bell</u>, 441 U.S. at 561 (1979). The Fourth Amendment right to be secure against unreasonable searches extends

13

to incarcerated prisoners, although the reasonableness of a particular search must be determined by reference to the prison context. Michenfelder, 860 F.2d at 332.

The allegations in claim six regarding repeated strip searches state a cognizable cause of action for unreasonable search and seizure. However, Plaintiff does not name the deputy who repeatedly strip-searched him, nor does he mention any conduct by Sheriff Ahern that implicates him in the constitutional violation. The claim is dismissed with leave to move to amend should Plaintiff learn the identity of the deputy who strip-searched him. The other allegations in claim six that deputies engaged in verbal conduct are insufficient to state a cognizable constitutional claim. See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (verbal harassment or abuse is insufficient to amount to a constitutional deprivation). Therefore, the claim based on verbal harassment is dismissed without leave to amend.

IX. Access to the Courts -- Claim Seven

State prisoners have a constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 350 (1996). To state a claim for a violation of the right of access to the courts, a prisoner must allege conduct on the part of the defendant that deprived him of access and show that he or she suffered from an actual injury as a result of that deprivation. Id. at 351. Actual injury means that the prisoner's pursuit of a legal claim was hindered or prevented. Id.

Plaintiff's allegations that Deputy McNeill did not return legal documents to him and that Deputy Posey allowed other deputies

14

to steal Plaintiff's legal documents fail to state a claim because he does not allege that these actions impeded his pursuit of a legal cause of action. This claim is dismissed with leave to move to amend to include such allegations, if he truthfully can do so, and to name these deputies in the caption of his complaint.

An unauthorized intentional deprivation of property by a state employee is not a violation of a prisoner's due process rights if the state provides a meaningful post-deprivation remedy for the loss. Hudson v. Palmer, 468 U.S. 517, 533 (1984).

Plaintiff's allegations that Deputy Posey allowed other deputies to take personal property from Plaintiff's cell do not state a due process claim because the California legislature has provided a remedy for tort claims against public officials. See Blueford v. Punty, 108 F.3d 251, 256 (9th Cir. 1997); Barnett v. Kenton, 31 F.3d 813, 186-17 (9th Cir. 1994) (California provides prisoners an adequate post-deprivation remedy for any property deprivations under California Government Code §§ 900 et seq., the California Tort Claims Act); Rider v. Felker, 2010 WL 458915, *4 (E.D. Cal. 2010) (same). This claim is dismissed without leave to amend.

X. Food Tampering -- Claim Eight

Adequate food is a basic human need protected by the Eighth Amendment. Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir. 1996), amended, 135 F.3d 1318 (9th Cir. 1998). The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing. LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993).

15

Nutritionally complete food served to inmates is deficient under constitutional standards, however, if it is prepared under conditions so unsanitary as to make it unwholesome and a threat to inmates who consume it. Toussaint v. McCarthy, 597 F. Supp. 1388, 1412 (N.D. Cal. 1984); cf. LeMaire, 12 F.3d at 1456 ("[t]he fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation"). Food that is spoiled and water that is foul would be inadequate to maintain health. Keenan, 83 F.3d at 1091.

The allegations in claim eight state a cognizable Fourth Amendment claim for ongoing tampering with Plaintiff's food so as to make it a threat to his safety. Plaintiff's allegations state a cognizable claim against Sheriff Ahern. However, the allegation that Deputy Nelson refused to return to Plaintiff an envelope that contained bugs found in his food is insufficient to state a claim against him. Therefore, this claim against Deputy Nelson is dismissed without leave to amend.

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. All claims against unnamed defendants are dismissed with leave to move to amend if Plaintiff learns their identity through the discovery process.

2. Plaintiff's claims one, two, and eight are cognizable against Sheriff Ahern.

3. Plaintiff's claim one states a cognizable claim against Deputies Smith, Delima and Jones. However, they cannot be served until Plaintiff submits an amended complaint with their names

16

included in the caption.

4. Plaintiff's claim three states a cognizable claim against Deputy Fisher.  However, she cannot be served until Plaintiff submits an amended complaint with her name in the caption.

5. Plaintiff's claim four is dismissed with permission to move for leave to amend if Plaintiff learns the identities of the individuals who violated his right to be free from excessive force.

6. Plaintiff's claim five against Sheriff Ahern and Deputies Jones, Smith, DeLeon, Nelson, Delima, Kull and Valvedia is dismissed with leave to amend to add allegations of each individual's conduct that constituted deliberate indifference to Plaintiff's serious medical needs.

7. Plaintiff's claim six regarding strip searches is dismissed with permission to move for leave to amend if Plaintiff learns the identity of the individual who repeatedly strip-searched him.  The claim against Deputies Smith, DeLeon, Delima and McGinness based on verbal conduct is dismissed without leave to amend.

8. Plaintiff's claim seven against Deputy Posey for intentionally allowing other deputies to take Plaintiff's legal mail and against Deputy McNeill for not returning legal documents is dismissed with leave to amend to allege that these actions impeded his pursuit of a specific legal claim, if he truthfully can do so.  The claim against Deputy Posey, to the extent it is based on allegations of the taking of Plaintiff's personal property, is dismissed without prejudice to pursuing in state court.

9. Plaintiff's claim eight states a cognizable cause of action against Sheriff Ahern, but is dismissed against Deputy Nelson

17

without leave to amend.

10. Plaintiff is given thirty days from the date of this Order to submit a third amended complaint (TAC) which should include in the caption, in addition to Sheriff Ahern, the names of all defendants against whom Plaintiff has alleged cognizable claims: Deputies Smith, Delima, Jones, Fisher, DeLeon, Nelson, Kull, Valvedia, Posey and McNeill.  In the TAC, Plaintiff may amend claim five for deliberate indifference to serious medical needs and claim seven for lack of access to the courts, if he truthfully can do so. If Plaintiff does not submit an amended complaint within thirty days, only Sheriff Ahern will be served with an order to answer the cognizable claims against him.

11. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's Orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

12. Plaintiff's motion for a three judge panel to order his release from the Marin County jail (docket no. 26) is denied.

IT IS SO ORDERED.

Dated: June 3, 2010

CLAUDIA WILKEN
United States District Judge

18

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JOSEPH J. FLOWERS,

    Plaintiff,

v.

ALAMEDA COUNTY SHERIFF et al,

    Defendant.

Case Number: CV08-04179 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 3, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Joseph J. Flowers
Marin County Jail
13 Peter Behr Dr.
San Rafael, CA 94903

Dated: June 3, 2010

    Richard W. Wieking, Clerk
    By: Ronnie Hersler, Adm Law Clerk

19