United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOSEPH J. FLOWERS,                    )  No. C 08-4179 CW (PR)
                                      )
            Plaintiff,                )
                                      )  ORDER OF SERVICE
     v.                               )
                                      )
ALAMEDA COUNTY SHERIFF GREGORY        )
AHERN, et al.,                        )
                                      )
            Defendants.               )
_____)

     Plaintiff Joseph J. Flowers, a state prisoner,[1] filed this

pro se civil rights action concerning events that took place when

he was a pretrial detainee at the Alameda County jail.  On March

3, 2010, Plaintiff filed a SAC.

     In an Order dated June 3, 2010, the Court reviewed

Plaintiff's SAC and ruled as follows:

     Plaintiff is given thirty days from the date of this
     Order to submit a third amended complaint (TAC) which
     should include in the caption, in addition to Sheriff
     Ahern, the names of all defendants against whom
     Plaintiff has alleged cognizable claims: Deputies
     Smith, Delima, Jones, Fisher, DeLeon, Nelson, Kull,
     Valvedia, Posey and McNeill.  In the TAC, Plaintiff may
     amend claim five for deliberate indifference to serious
     medical needs and claim seven for lack of access to the
     courts, if he truthfully can do so.  If Plaintiff does
     not submit an amended complaint within thirty days,
     only Sheriff Ahern will be served with an order to
     answer the cognizable claims against him.

(June 3, 2010 Order at 18.)  On July 2, 2010, Plaintiff filed his

TAC.

_____

     [1] Plaintiff has notified the Court that he is now housed at
San Quentin State Prison.

FACTUAL BACKGROUND

According to the Court's June 3, 2010 Order, Plaintiff divided his factual allegations into the following eight claims in his SAC:

I.   Claim One [Administrative Segregation]

From March 20, 2007 to August 2, 2007 and from May 13, 2008 to August 22, 2008, Plaintiff was placed in Administrative Segregation (AS) without judicial review or notice of any violations which warranted placing him in AS.  Plaintiff alleges that Deputies Jones, Smith and Delima refused to file his grievances about being placed in AS.  Plaintiff alleges that Sheriff Gregory Ahern participated in, supervised or directed this unlawful conduct and implemented the policy which allowed it to occur.  Plaintiff brings this claim against Sheriff Ahern and Deputies Smith, C. Delima and Jones and mentions other defendants who are unknown at this time. As indicated above, only Sheriff Ahern is named in the caption of the SAC.

II.  Claim Two [Legal Mail]

On August 3, 2007, Plaintiff gave two pieces of legal mail to the "out going mail personal person," who assured him that the mail would be shipped out soon. After Plaintiff had not heard from the court, he filled out a form to request a search for lost mail.  He learned that his legal mail had been opened and the contents had been misplaced.  As a result, a court ruling in his case was affected.  Sheriff Ahern is responsible for the policy and procedures that allowed Plaintiff's mail to be opened and its contents to be lost.  Plaintiff brings this claim against Sheriff Ahern and mentions deputies who are unknown at this time.

III. Claim Three [Attack By Other Inmates]

On August 2, 2007, Plaintiff was transferred from North County jail to Santa Rita jail.  Upon arriving at Santa Rita jail, Plaintiff, who was wearing red clothing, was placed in a cell with two inmates who were dressed in yellow clothing.  The colors represent segregation status and inmates wearing different colored clothing are not to be placed in cells together.  The two inmates dressed in yellow clothes took possession of Plaintiff's legal materials, ripped them up and flushed them down the toilet.  The legal materials were hard copies of Plaintiff's criminal appeal. Also, these

2

inmates physically abused Plaintiff.  Deputy Fisher
witnessed this incident and could have prevented
Plaintiff's abuse and the destruction of his legal
materials, but she did nothing to prevent it.  Plaintiff
brings this claim against Sheriff Ahern and Deputy
Fisher and mentions other unknown deputies.  As
indicated above, only Sheriff Ahern is named in the
caption of the SAC.

IV.  Claim Four [Beatings By Deputies]

     On May 13, 2008, Plaintiff was arrested[2] and taken
to Santa Rita jail for routine booking.  He was placed
in handcuffs, taken to a closed-off section of the jail
and beaten by several Sheriff's deputies.  After the
incident, Plaintiff was told not to report it.  As a
result of the beating, Plaintiff suffers from head, neck
and back pain, hip problems and right wrist problems.
Plaintiff brings this claim against Sheriff Ahern and
mentions deputies who are unknown at this time.

V.   Claim Five [Deliberate Indifference to Serious
     Medical Needs]

     On May 13, 2008, as a result of the above-mentioned
assault, Plaintiff needed medical treatment, but the
deputies, who knew of Plaintiff's need for medical
treatment, refused to allow him to see a medical
practitioner.  Plaintiff was also not allowed to have
physical therapy.  Because of his lack of medical
treatment, Plaintiff re-injured himself when he tried to
walk up and down flights of stairs.  Sheriff Ahern's
policies and procedures allowed his deputies to ignore
Plaintiff's need for medical attention.

     Plaintiff brings this claim against Sheriff Ahern
and Deputies Jones, Smith, J. DeLeon, C. Nelson, C.
Delima, R. Kull and A. Valvedia.  Only Sheriff Ahern is
named in the caption of the SAC.  Plaintiff also
mentions other deputies who are unknown at this time.

VI.  Claim Six [Strip Searches]

     On July 28, 2008, Plaintiff was harassed by being
repeatedly strip searched without cause.  Also, Deputies
Smith, J. DeLeon, C. Delima and H.C. McGinness made
verbal remarks about Plaintiff's private parts in the
presence of female nurses and other inmates and
repeatedly made fun of, humiliated and embarrassed
Plaintiff.  As a result, Plaintiff suffered severe
emotional pain and suffering.  Sheriff Ahern is also

_____

     [2] It appears that Plaintiff was arrested twice during the time
period covered by the SAC.

United States District Court
For the Northern District of California

1    responsible.

2         Plaintiff brings this claim against Sheriff Ahern
     and Deputies Smith, DeLeon, Delima and McGinness.  Only
3    Sheriff Ahern is named in the caption of the SAC.

4    VII. Claim Seven [Access to the Courts]

5         On August 21, 2008, Deputy W. Posey escorted
6    Plaintiff from his cell to a medical appointment.
     Deputy Posey intentionally failed to secure Plaintiff's
7    cell so that other inmates or deputies could enter his
     cell while he was gone and tamper with Plaintiff's legal
8    documents and other personal property.  Several of these
     legal documents were never returned to Plaintiff, which
9    deprived him of his right to fair access to the courts.
     On July 10, 2008, Plaintiff forwarded to Deputy McNeill
10   legal documents to be copied.  However, Deputy McNeill
     never returned these legal documents to Plaintiff.
11   Plaintiff brings this claim against Deputies Posey and
     McNeill, who are not named in the caption of the SAC.
12
     VIII. Claim Eight [Food Tampering]
13
          From May 13, 2008 to October 1, 2008, the food
14   Plaintiff was served was tampered with.  For instance,
     Plaintiff was served beans with several metal objects,
15   causing Plaintiff to choke.  Some of the food served to
     Plaintiff was spoiled.  Plaintiff found bugs on his food
16   tray, put them in an envelope and gave them to Deputy C.
     Nelson for safe-keeping.  Although Deputy Nelson
17   promised to return the envelope to Plaintiff, he never
     did so.  Sheriff Ahern's policies allowed the food-
18   tampering.  Plaintiff brings this claim against Sheriff
     Ahern and Deputy Nelson, who is not named in the
19   caption.  Plaintiff also mentions other deputies who are
     unknown at this time.
20
21   (June 3, 2010 Order at 2-6 (footnote in original).)

22                          DISCUSSION

23        In his TAC, Plaintiff has included the following defendants in

24   the caption: Ahern, Smith, Delima, Jones, Fisher, DeLeon, Nelson,

25   Kull and Valvedia.  Plaintiff has not included Deputies Posey and

26   McNeill in the caption of this TAC; therefore, all claims against

27   Deputies Posey and McNeill are DISMISSED with prejudice, including

28

United States District Court
For the Northern District of California

                                    4

claim seven for lack of access to the courts.[3]

The Court has previously found the multiple cognizable claims against Defendants Ahern, Smith, Delima, Jones, Fisher, DeLeon, Nelson, Kull and Valvedia; therefore, these Defendants will be served with the complaint and directed to abide by the briefing schedule outlined below.  In its June 3, 2010 Order, the Court stated:

> 1.  All claims against unnamed defendants are dismissed with leave to move to amend if Plaintiff learns their identity through the discovery process.
>
> 2.  Plaintiff's claims one, two, and eight are cognizable against Sheriff Ahern.
>
> 3.  Plaintiff's claim one states a cognizable claim against Deputies Smith, Delima and Jones. However, they cannot be served until Plaintiff submits an amended complaint with their names included in the caption.
>
> 4.  Plaintiff's claim three states a cognizable claim against Deputy Fisher.  However, she cannot be served until Plaintiff submits an amended complaint with her name in the caption.
>
> 5.  Plaintiff's claim four is dismissed with permission to move for leave to amend if Plaintiff learns the identities of the individuals who violated

--------

[3] In its June 3, 2010 Order, the Court reviewed claim seven and stated:

> Plaintiff's allegations that Deputy McNeill did not return legal documents to him and that Deputy Posey allowed other deputies to steal Plaintiff's legal documents fail to state a claim because he does not allege that these actions impeded his pursuit of a legal cause of action.  This claim is dismissed with leave to move to amend to include such allegations, if he truthfully can do so, and to name these deputies in the caption of his complaint.

(June 3, 2010 Order at 14-15.)  In his TAC, Plaintiff fails to amend claim seven to correct the deficiencies mentioned above; therefore, the Court dismisses claim seven without further leave to amend.

United States District Court
For the Northern District of California

1    his right to be free from excessive force.

2         6.   Plaintiff's claim five against Sheriff Ahern
     and Deputies Jones, Smith, DeLeon, Nelson, Delima, Kull
3    and Valvedia is dismissed with leave to amend to add
     allegations of each individual's conduct that
4    constituted deliberate indifference to Plaintiff's
     serious medical needs.
5
6         7.   Plaintiff's claim six regarding strip searches
     is dismissed with permission to move for leave to amend
7    if Plaintiff learns the identity of the individual who
     repeatedly strip-searched him.   The claim against
8    Deputies Smith, DeLeon, Delima and McGinness based on
     verbal conduct is dismissed without leave to amend.
9
10        8.   Plaintiff's claim seven against Deputy Posey
     for intentionally allowing other deputies to take
11   Plaintiff's legal mail and against Deputy McNeill for
     not returning legal documents is dismissed with leave to
12   amend to allege that these actions impeded his pursuit
     of a specific legal claim, if he truthfully can do so.
13   The claim against Deputy Posey, to the extent it is
     based on allegations of the taking of Plaintiff's
14   personal property, is dismissed without prejudice to
     pursuing in state court.
15
          9.   Plaintiff's claim eight states a cognizable
16   cause of action against Sheriff Ahern, but is dismissed
     against Deputy Nelson without leave to amend.
17
(June 3, 2010 Order at 16-18.)
18
     In its June 3, 2010 Order, the Court reviewed claim five for
19
deliberate indifference to serious medical needs and stated:
20
          The allegations in claim five are sufficient to state a
21        cognizable claim for deliberate indifference to
          Plaintiff's serious medical needs.   However, although
22        Plaintiff names Deputies Jones, Smith, DeLeon, Nelson,
          Delima, Kull and Valvedia in the body of this claim, he
23        fails to allege the conduct of each individual deputy
          that violated his constitutional rights.   Therefore,
24        this claim is dismissed against these deputies with
          leave to amend to remedy this deficiency and to include
25        them in the caption of the complaint.   The allegation
          that Sheriff Ahern's policies and procedures enabled the
26        individual deputies to violate Plaintiff's
          constitutional right to receive medical treatment for
27        serious medical needs is insufficient to state a
          cognizable claim against him.   This claim against him is
28

                                    6

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

dismissed with leave to amend, if he can correct this
deficiency.

(June 3, 2010 Order at 13.)

In his TAC, Plaintiff has amended claim five to allege that
Defendants Jones, Smith, DeLeon, Nelson, Delima, Kull and Valvedia
"individually violated Plaintiff['s] constitutional rights of
subject to Plaintiff's medical needs by refusing to act to prevent
Plaintiff seeking physical medical treatments; each deputy knew of
the injuries and (or) was informed by medical staff of such."  (TAC
at 6.)  Plaintiff further "contends he was subjected to medical
neglect treatments and needs; on 5/13/08 and thereafter, Plaintiff
was seriously injured, and was refused the normal procedures of
policies and pratices [sic] of standards."  (Id.)  Plaintiff also
claims that Defendant Ahern "and (or) his agents, employees acted
with deliberate indifference to such medical needs of Plaintiff's
lower back, right wrist, hip and neck injuries, with the
deprivation of 'necessary' living and adequate housing after
5/13/08 incident, by failing to aid, move, notify or assist in the
housing arrangments [sic] that was obvious and reported by medical
staff or to the medical staff."  (Id.)  Finally, Plaintiff claims
that "all defendants were and (or) its agents were fully made aware
of the medical needs and other obligations requested by way of
doctors orders as eairlest [sic] as 6/17/08 and failed to apply or
assist in compliance with such orders, which further[] caused
Plaintiff to re-injuries by climbing up and down flights of stairs
on 8/13/08."  (Id.)

Plaintiff has corrected the deficiencies of his allegations in
claim five; amended claim five in his TAC is sufficient to state a
cognizable claim for deliberate indifference to serious medical

7

**United States District Court**
For the Northern District of California

needs against Defendants Ahern, Jones, Smith, DeLeon, Nelson, Delima, Kull and Valvedia.

As stated above, Plaintiff's claims four and six in the SAC were dismissed with permission to move for leave to amend if he learned the identities of the individuals who violated his right to be free from excessive force as well as the individual who repeatedly strip-searched him, respectively.  In his TAC, Plaintiff has not named any of these individuals.  Instead, Plaintiff names Defendant Ahern in his supervisory capacity as being "held to answer" claims four and six, but he makes no specific allegations against Defendant Ahern.  As claim six in his TAC, Plaintiff alleges his claim of food tampering (claim eight in the SAC) and fails to include his allegation of being repeatedly strip-searched. Therefore, his supervisory liability claims relating to claim six in the SAC (that he was repeatedly strip-searched) is DISMISSED against Defendant Ahern.  As to claim four, Plaintiff alleges that Defendant Ahern's "policies (or) and procedures enabled the individual deputies to violate Plaintiff's constitutional rights to be 'free' from harm while in the custody of the Santa Rita Jail . . . and failed to protect [him] under the case of his or her's [sic] policy as the overseer of the Alameda County Sheriff." (TAC at 5.)  Plaintiff does not elaborate on the policy or procedure to which he refers; therefore, this claim is without merit.  Furthermore, Plaintiff makes a conclusory statement that Defendant Ahern "is liable as supervisor[] over Alameda County Jail, and 'knew' of his agents['] 'unlawful' conducts (or) and directed his agents and (or) failed to act to 'prevent them' from violating such constitutional right of Plaintiff herein."  (Id.)

Thus, Plaintiff's only allegation tying Defendant Ahern to claim four is that he was the supervisor of the unidentified officers involved in the use of excessive force.  A supervisor, however, may not be held liable solely under the theory of respondeat superior; that is, there is no liability under § 1983 solely because one is responsible for the actions or omissions of another.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Board of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997).  Because Plaintiff has alleged no other basis of liability for Defendant Ahern, his supervisory liability claim relating to claim four (beatings by deputies) against Defendant Ahern is dismissed without leave to amend.

CONCLUSION

For the reasons outlined above, the Court orders as follows:

1.    Pursuant to the Court's June 3, 2010 Order, Plaintiff has stated the following cognizable claims against the following individuals:

> a.    claims one, two and eight against Sheriff Ahern;

> b.    claim one against Deputies Smith, Delima and Jones;

> c.    claim three against Deputy Fisher; and

> d.    claim eight against Sheriff Ahern.

2.    All claims against Deputies Posey and McNeill, including claim seven for lack of access to the court, are DISMISSED without leave to amend.

3.    Plaintiff's allegations in amended claim five in his TAC is sufficient to state a cognizable claim for deliberate indifference to his serious medical needs against Defendants Ahern, Jones, Smith, DeLeon, Nelson, Delima, Kull and Valvedia.

4.    Plaintiff's supervisory liability claims relating to

United States District Court

For the Northern District of California

United States District Court
For the Northern District of California

claims four and six against Defendant Ahern are dismissed without leave to amend.

5.   The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the second and third amended complaints and all attachments thereto (docket nos. 37, 39) and a copy of the Court's June 3, 2010 Order as well as this Order to: Alameda County Sheriff Gregory Ahern, Alameda County Deputies Smith, C. Delima, Jones, Fisher, J. DeLeon, C. Nelson, R. Kull and A. Valvedia.   The Clerk of the Court shall also mail a copy of the complaint and a copy of the Court's June 3, 2010 Order as well as this Order to the Alameda County Counsel's Office.   Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

6.   Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint.   Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form.   If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before sixty (60) days from the date on which the request for waiver was sent.   (This allows a longer time to respond than would be required if formal service of summons is necessary.)   Defendants are asked to read the statement set forth at the foot of the waiver form that

United States District Court
For the Northern District of California

more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due <u>sixty (60) days</u> from the date on which the request for waiver was sent or <u>twenty (20) days</u> from the date the waiver form is filed, whichever is later.

7.   Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

a.   No later than <u>ninety (90) days</u> from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

b.   Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than <u>sixty (60) days</u> after the date on which Defendants' motion is filed.  The Ninth Circuit has held that the following notice should be given to <u>pro se</u> plaintiffs facing a summary judgment motion:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute

11

United States District Court
For the Northern District of California

about any fact that would affect the result of your case,
the party who asked for summary judgment is entitled to
judgment as a matter of law, which will end your case.
When a party you are suing makes a motion for summary
judgment that is properly supported by declarations (or
other sworn testimony), you cannot simply rely on what
your complaint says.  Instead, you must set out specific
facts in declarations, depositions, answers to
interrogatories, or authenticated documents, as provided
in Rule 56(e), that contradict the facts shown in the
defendant's declarations and documents and show that
there is a genuine issue of material fact for trial.  If
you do not submit your own evidence in opposition,
summary judgment, if appropriate, may be entered against
you.  If summary judgment is granted [in favor of the
defendants], your case will be dismissed and there will
be no trial.

See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en

banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of

Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986)

(party opposing summary judgment must come forward with evidence

showing triable issues of material fact on every essential element

of his claim).  Plaintiff is cautioned that because he bears the

burden of proving his allegations in this case, he must be prepared

to produce evidence in support of those allegations when he files

his opposition to Defendants' dispositive motion.  Such evidence

may include sworn declarations from himself and other witnesses to

the incident, and copies of documents authenticated by sworn

declaration.  Plaintiff will not be able to avoid summary judgment

simply by repeating the allegations of his complaint.

c.  If Defendants wish to file a reply brief, they shall

do so no later than thirty (30) days after the date Plaintiff's

opposition is filed.

d.  The motion shall be deemed submitted as of the date

the reply brief is due.  No hearing will be held on the motion

12

unless the Court so orders at a later date.

8. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

9. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

10. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

11. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than <u>fifteen (15) days</u> prior to the deadline sought to be extended.

IT IS SO ORDERED.

DATED: 11/24/2010

_____
CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JOSEPH J. FLOWERS,

        Plaintiff,

  v.

ALAMEDA COUNTY SHERIFF et al,

        Defendant.

_____/

Case Number: CV08-04179 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 24, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Joseph J. Flowers F82065
San Quentin State Prison
San Quentin,  CA 94974

Dated: November 24, 2010

                    Richard W. Wieking, Clerk
                    By: Nikki Riley, Deputy Clerk

**United States District Court**
For the Northern District of California