IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH J. FLOWERS,<br><br>        Plaintiff,<br><br>  v.<br><br>ALAMEDA COUNTY SHERIFF GREGORY AHERN, et al.,<br><br>        Defendants. | No. C 08-4179 CW (PR)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR COURT-ORDERED TELEPHONE ACCESS AND TO PROPOUND ADDITIONAL INTERROGATORIES; SETTING DISCOVERY AND BRIEFING SCHEDULES |

    Plaintiff Joseph J. Flowers, a state prisoner, filed this pro se civil rights action concerning events that took place when he was a pretrial detainee at the Alameda County jail. By Order dated November 24, 2010, the Court ordered Plaintiff's Third Amended Complaint (TAC) served on nine Defendants.

    Defendants filed a motion for summary judgment on May 13, 2011. According to the briefing schedule previously set by the Court, Plaintiff's opposition to Defendants' motion is due no later than sixty days after the filing of Defendants' motion.

    Now pending before the Court are Plaintiff's discovery-related motions for Court-ordered telephone access and to propound additional interrogatories.

    For the reasons discussed below, the motions are DENIED.

A.    Court-Ordered Telephone Access

    Plaintiff asks the Court to order prison officials at Deuel Vocational Institute, where Plaintiff currently is incarcerated, to provide Plaintiff with one hour per week of telephone access so that Plaintiff may seek the services of a private investigator to find witnesses who have personal knowledge of the events at issue in the instant action.

This case has been pending for almost three years, during which Plaintiff has had ample time to write letters to potential private investigators and/or witnesses, and he is not precluded from doing so at this juncture in the proceedings. Accordingly, the Court finds no good cause to order prison officials to provide Plaintiff with telephone access to which he is not entitled otherwise. Therefore, Plaintiff's request is DENIED.

B.    Additional Interrogatories

Plaintiff has filed a motion asking the Court to allow him to propound additional interrogatories on Defendants. In support of his motion, Plaintiff states the following: (1) on March 5, 2011, he served Defendants with 35 interrogatories; (2) on April 21, 2011, Defendants served Plaintiff with their responses to the interrogatories; (3) Defendants did not respond fully to the interrogatories, rather, they raised nine different objections to providing the information requested by Plaintiff; (4) in addition to the nine objections, Defendants informed Plaintiff that, in accordance with Federal Rule of Civil Procedure 33(a)(1), they would answer no more than 25 interrogatories.

In the instant motion, Plaintiff raises the following concerns: (1) the objections raised by Defendants are inadequate and/or inapplicable to Plaintiff's interrogatories, and (2) Plaintiff needs to propound additional interrogatories because in his first set of interrogatories he erroneously used the wrong date concerning one of the incidents at issue in the instant action, and (3) Plaintiff needs to propound additional interrogatories because he has learned new facts not previously available to him that will allow him to request more specific

2

information from Defendants.

Although Plaintiff has not captioned his motion as one to compel discovery, a ruling granting Plaintiff's motion would require Defendants to provide Plaintiff with responses to interrogatories to which Defendants have raised objections. The Court does not have before it any of the original interrogatories or responses, however, and there is no indication from the record that the parties have made any attempt to meet and confer, as is required by Civil Local Rule 37-1 prior to a district court's consideration of a motion to resolve a discovery dispute.

Consequently, the Court will neither grant Plaintiff's motion nor require Defendants to respond thereto. Rather, the motion will be DENIED without prejudice and the parties will be required to meet and confer regarding outstanding discovery matters. Where, as here, one of the parties is a prisoner, the Court does not require in-person meetings and instead allows the prisoner and defense counsel to meet and confer by telephone or exchange of letters. Although the format of the meet-and-confer process changes, the substance of the rule remains the same: the parties must engage in a good faith effort to meet and confer before seeking Court intervention in any discovery dispute.

Additionally, in order to ensure that further briefing on Defendants' motion for summary judgment is not delayed unduly, the Court will require the parties to comply with the discovery and briefing schedules set forth below.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. Plaintiff's motion for Court-ordered telephone access is DENIED.

3

   2.   Plaintiff's motion to propound additional interrogatories is DENIED.

   3.   The parties shall abide by the following discovery schedule:

      a.   No later than **July 5, 2011**, the parties shall complete all discovery <u>and</u> shall meet and confer regarding all outstanding discovery matters that the parties have been unable to resolve.

      b.   If Plaintiff intends to file a motion to compel discovery with respect to any unresolved discovery matters, he shall do so, and serve a copy on Defendants, no later than **July 15, 2011**.

      c.   Defendants <u>shall</u> file a response to Plaintiff's motion no later than **July 25, 2011**.

      d.   The motion shall be deemed submitted on the date the response is filed.

   4.   The parties shall abide by the following briefing schedule:

      a.   Plaintiff shall file with the Court and serve on Defendants his opposition to Defendants' motion for summary judgment no later than **August 15, 2011**.[1]

      b.   Defendants <u>shall</u> file a reply brief no later than **September 1, 2011**.

      c.   The motion for summary judgment shall be deemed submitted on the date the reply is filed.

---

[1] Because of the large number of claims in the instant action, Plaintiff is advised that in order to meet the Court's deadline he should, to the extent possible, begin preparing his opposition even before all discovery matters have been resolved.

4

    5.   No extensions of time with respect to the above deadlines will be granted absent compelling circumstances.

    6.   This Order terminates Docket nos. 63 and 68.

IT IS SO ORDERED.

Dated: 6/23/2011



CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JOSEPH J. FLOWERS,

    Plaintiff,

v.

ALAMEDA COUNTY SHERIFF et al,

    Defendant.

Case Number: CV08-04179 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 23, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Joseph J. Flowers F82065
DVI Prison
P.O. Box 600
Tracy, CA 95378

Dated: June 23, 2011

Richard W. Wieking, Clerk
By: Nikki Riley, Deputy Clerk