IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH J. FLOWERS,<br><br>       Plaintiff,<br><br>   v.<br><br>ALAMEDA COUNTY SHERIFF GREGORY AHERN, et al.,<br><br>       Defendants.<br>_____ | No. C 08-4179 CW (PR)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL, FOR EXTENSION OF TIME TO OPPOSE MOTION FOR SUMMARY JUDGMENT AND FOR APPOINTMENT OF COUNSEL |

   Plaintiff Joseph J. Flowers, a state prisoner, filed this pro se civil rights action concerning events that took place when he was a pretrial detainee at the Alameda County jail. By Order dated November 24, 2010, the Court ordered Plaintiff's Third Amended Complaint (TAC) served on nine Defendants.

   Defendants filed a motion for summary judgment on May 13, 2011. Thereafter, Plaintiff filed motions for Court-ordered telephone access and to propound additional interrogatories.

   By Order dated June 23, 2011, the Court denied Plaintiff's motions and set discovery and briefing schedules. Specifically, in the Conclusion of the Order the Court ordered as follows:

> 3. The parties shall abide by the following discovery schedule:
>
>    a. No later than **July 5, 2011**, the parties shall complete all discovery and shall meet and confer regarding all outstanding discovery matters that the parties have been unable to resolve.
>
>    b. If Plaintiff intends to file a motion to compel discovery with respect to any unresolved discovery matters, he shall do so, and serve a copy on Defendants, no later than **July 15, 2011**.
>
>    c. Defendants shall file a response to

> Plaintiff's motion no later than **July 25, 2011**.
>
> d.   The motion shall be deemed submitted on the date the response is filed.
>
> 4.   The parties shall abide by the following briefing schedule:
>
> a.   Plaintiff shall file with the Court and serve on Defendants his opposition to Defendants' motion for summary judgment no later than **August 15, 2011**.[1]
>
> b.   Defendants <u>shall</u> file a reply brief no later than **September 1, 2011**.
>
> c.   The motion for summary judgment shall be deemed submitted on the date the reply is filed.
>
> 5.   No extensions of time with respect to the above deadlines will be granted absent compelling circumstances.

Order at 4:3-5:2 (footnote in original).

On June 24, 2011, the day after the Court issued the above Order, Plaintiff sent to the Court a motion to compel discovery and a motion for extension of time to oppose Defendants' motion. It is clear from the text of Plaintiff's motions that such motions were prepared prior to Plaintiff's receipt of the Court's June 23, 2011 Order.  As said Order sets schedules for discovery and the briefing of Defendants' motion for summary judgment, Plaintiff's motions are DENIED as moot.

On July 12, 2011, Plaintiff filed a motion for the appointment of counsel to assist him with the preparation of his opposition to Defendants' motion for summary judgment.

---

[1] Because of the large number of claims in the instant action, Plaintiff is advised that in order to meet the Court's deadline he should, to the extent possible, begin preparing his opposition even before all discovery matters have been resolved.

2

Plaintiff's request is premised on his assertions that he has discovered new information that makes it likely he will prevail on his claims and that Defendants are misrepresenting the facts. In support of his request, Plaintiff has attached more than 80 pages of Defendants' responses to Plaintiff's discovery requests.

The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. Id.

The Court finds the appointment of counsel is not warranted. Specifically, Plaintiff has not shown the requisite likelihood of success on the merits of his claims, he has adequately articulated his claims in light of the complexity of the legal issues involved, he has pursued discovery in a comprehensive and focused manner, and the motions and other papers he has filed in this matter have been generally articulate and organized. See id. Accordingly, Plaintiff's motion is DENIED.

This Order terminates Docket nos. 77, 78 and 79.

IT IS SO ORDERED.

Dated: 7/20/2011

_____
CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

3

**United States District Court**
**For the Northern District of California**

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JOSEPH J. FLOWERS,

    Plaintiff,

v.

ALAMEDA COUNTY SHERIFF et al,

    Defendant.

Case Number: CV08-04179 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 20, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Joseph J. Flowers F82065
DVI Prison
P.O. Box 600
Tracy, CA 95378

Dated: July 20, 2011

    Richard W. Wieking, Clerk
    By: Nikki Riley, Deputy Clerk

4