IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSEPH J. FLOWERS, | ) | No. C 08-04179 CW (PR) |
| Plaintiff, | ) ) | ORDER DENYING PLAINTIFF'S MOTIONS TO FILE FOURTH AMENDED COMPLAINT AND |
| v. | ) ) | COMPEL PRODUCTION OF DOCUMENTS; DISMISSING EXCESSIVE FORCE AND |
| ALAMEDA COUNTY SHERIFF'S DEPARTMENT, et al., | ) ) ) | UNREASONABLE SEARCH CLAIMS; GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |
| Defendants. | ) ) | (Docket nos. 67, 84, 85) |

INTRODUCTION

Plaintiff, a state prisoner currently incarcerated at Salinas Valley State Prison (SVSP), filed this civil rights action pursuant to 42 U.S.C. § 1983, concerning events that took place when he was in the custody of the Alameda County Sheriff's Department in 2007 and 2008.

The operative pleading is Plaintiff's third amended complaint (3AC), which was filed on July 2, 2010. On May 13, 2011, the Alameda County Defendants filed a motion for summary judgment. Thereafter, Plaintiff filed an opposition to the motion, together with a motion to file a fourth amended complaint (4AC) and a motion to compel discovery (MTC). Defendants have filed a reply to Plaintiff's opposition and have opposed Plaintiff's motions.

BACKGROUND

On March 21, 2007, Plaintiff was taken into the custody of the Alameda County Sheriff's Department and booked into the Santa Rita County Jail (SRCJ). Through August 3, 2007, he was incarcerated at either SRCJ or the Glenn Dyer Detention Facility (GDDF). On that date, he was transferred from the custody of the Alameda County Sheriff's Office to the California Department of Corrections and

Rehabilitation (CDCR).

Following his release from CDCR, Plaintiff was arrested again. He was booked by the Hayward Police Department on May 13, 2008, and transported to SRCJ on May 14, 2008.

Plaintiff alleges that during these two periods of incarceration at SRCJ and GDDF, Defendants violated his constitutional rights. By Order filed November 24, 2010, the Court reviewed the allegations in the 3AC and ordered that pleading served on Defendants. Specifically, the Court directed Defendants to respond to the following cognizable claims for relief: (1) unlawful placement in administrative segregation; (2) mail tampering; (3) deliberate indifference to safety and denial of access to the courts; (4) deliberate indifference to serious medical needs; and (5) food tampering. Plaintiff's excessive force and unreasonable search claims were dismissed because Plaintiff had not named or linked any Defendants to his allegations; the claims were dismissed with leave for Plaintiff to move to amend should he learn the identities of the responsible individuals.

DISCUSSION

I. Voluntary Dismissal of Claims

In opposition to the motion for summary judgment, Plaintiff states he is dismissing voluntarily his claims of unlawful placement in administrative segregation and food tampering. Docket no. 86 at 3. Accordingly, these claims are DISMISSED with prejudice.

II. Motion for Leave to File Fourth Amended Complaint

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave." See Fed. R. Civ. P. 15(a)(2). The district court may exercise its discretion to deny a

Rehabilitation (CDCR).

Following his release from CDCR, Plaintiff was arrested again. He was booked by the Hayward Police Department on May 13, 2008, and transported to SRCJ on May 14, 2008.

Plaintiff alleges that during these two periods of incarceration at SRCJ and GDDF, Defendants violated his constitutional rights. By Order filed November 24, 2010, the Court reviewed the allegations in the 3AC and ordered that pleading served on Defendants. Specifically, the Court directed Defendants to respond to the following cognizable claims for relief: (1) unlawful placement in administrative segregation; (2) mail tampering; (3) deliberate indifference to safety and denial of access to the courts; (4) deliberate indifference to serious medical needs; and (5) food tampering. Plaintiff's excessive force and unreasonable search claims were dismissed because Plaintiff had not named or linked any Defendants to his allegations; the claims were dismissed with leave for Plaintiff to move to amend should he learn the identities of the responsible individuals.

DISCUSSION

I. Voluntary Dismissal of Claims

In opposition to the motion for summary judgment, Plaintiff states he is dismissing voluntarily his claims of unlawful placement in administrative segregation and food tampering. Docket no. 86 at 3. Accordingly, these claims are DISMISSED with prejudice.

II. Motion for Leave to File Fourth Amended Complaint

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave." See Fed. R. Civ. P. 15(a)(2). The district court may exercise its discretion to deny a

motion for leave to amend where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. See Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994). "[A] district court has broad discretion to grant or deny leave to amend, particularly where the court has already given a plaintiff one or more opportunities to amend his complaint to allege federal claims." Mir v. Fosburg, 646 F.2d 342, 347 (9th Cir. 1996).

A.  Mail Tampering, Safety and Court Access

The allegations in the 3AC and 4AC with respect to Plaintiff's claims of mail tampering, deliberate indifference to his safety and denial of access to the courts are substantially the same. Plaintiff has not shown why amendment of these claims should be granted. Accordingly, leave to amend these claims is DENIED.

B.  Deliberate Indifference to Serious Medical Needs

In Plaintiff's original complaint, first amended complaint, second amended complaint and the operative 3AC, his claim of deliberate indifference to his serious medical needs is based on allegations of inadequate access to medical care in 2008 for an injury that occurred in 2007, and the failure to comply with medical orders, resulting in him re-injuring himself on August 13, 2008 while climbing stairs.

Plaintiff's proposed amendment to this claim seeks to add a new allegation of injury from climbing stairs that occurred on September 9, 2008. Plaintiff, however, does not explain why he did not allege facts about the September 8, 2008 incident in any of his prior pleadings.

The Court finds that amendment to add these new allegations to

3

Plaintiff's medical claim at this late stage in the proceedings would cause undue prejudice to Defendants and create undue delay of the resolution of this case. Accordingly, leave to amend this claim is DENIED.

### C. Excessive Force and Illegal Search

The Court previously found that Plaintiff stated cognizable claims (1) for excessive force, based on his allegations that, on May 14, 2008, he was beaten without cause by unidentified sheriff's deputies, and (2) an unreasonable search, based on his allegations that, on July 28, 2008, he was strip-searched repeatedly without cause by an unidentified sheriff's deputy. As noted above, however, because Plaintiff had not identified any of the deputies responsible for the above alleged violations, the Court dismissed both claims with leave to move to amend to name the responsible individuals should he discover their identities. Docket no. 38 at 12:8-14, 14:4-16.

Plaintiff now seeks to amend the 3AC to add Deputies R. Bixby and M. Menard as Defendants responsible for the use of excessive force and Deputy R. Bartholomew as the Defendant responsible for the unreasonable search. Defendants do not oppose these amendments. In view of the new information Plaintiff has provided with respect to these claims, however, the Court finds that granting leave to amend the 3AC to add the new Defendants would be futile because the claims are subject to dismissal as improperly joined.

A plaintiff may properly join as many claims as he has against an opposing party. Fed. R. Civ. P. 18(a). While multiple claims against a single party may be alleged in a single complaint, unrelated claims against different defendants must be alleged in

4

separate complaints. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Further, parties may be joined as defendants only if "any right to relief is asserted against them jointly, severally, or in the alternative, with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences," Fed. R. Civ. P. 20(a)(2)(A), and, "any question of law or fact common to all defendants will arise in the action," Fed. R. Civ. P. 20(a)(2)(B).

Here, Plaintiff's excessive force and illegal search claims involve Defendants who are identified for the first time in the 4AC and are not linked to any of Plaintiff's other claims. Additionally, the claims concern discrete instances of alleged misconduct that do not arise out of the same transactions or occurrences as the claims at issue in the 3AC. Consequently, the Court concludes that the excessive force and illegal search claims are not properly joined in the 3AC. Therefore, leave to amend these claims is DENIED, and the claims are DISMISSED without prejudice to Plaintiff's pursuing them in new and separate complaints.

III. Discovery

Together with his opposition to the motion for summary judgment Plaintiff has filed a "Motion for Additional Discovery" and, in his supplemental opposition to the motion for summary judgment, he claims he requires additional relevant documentation from Defendants to support his opposition. Docket nos. 84 & 94. As Defendants have done, the Court construes the discovery-related requests as a motion to compel discovery and a request for additional discovery under Federal Rule of Civil Procedure 56(d).

//

A. Motion to Compel

Plaintiff seeks to compel discovery of the following documents previously requested from Defendants: (1) his booking photos from May 13 and 14, 2008, from both SRCJ and the Hayward Police Department; (2) photos related to discovery documents numbers ACSO000706 and ACSO000703, which pertain to injuries suffered by Plaintiff at SRCJ on August 12 and September 9, 2008; (3) the legible or typed names of medical staff at Prison Health Services who produced medical progress reports on June 17 and 19, 2008; and (4) the name of an Asian deputy sheriff working when Plaintiff was booked at the Hayward Police Department.

Defendants oppose Plaintiff's motion on the ground they have complied with the Federal Rules of Civil Procedure by producing those documents responsive to Plaintiff's requests that are in their "possession, custody or control," see Fed. R. Civ. P. 34(a)(1), and also by fulfilling their obligation to conduct a reasonable inquiry into the location of the documents requested. See Fed. R. Civ. P. 26(g). In support of their opposition, Defendants submit the declaration of their counsel of record, Associate County Counsel Manuel Martinez, and attached exhibits comprised of Defendants' responses to Plaintiff's discovery requests. The responses have been verified by Martinez, Deputy County Counsel Audrey Beaman and Kelly Martinez, the Civil Litigation Manager for the Alameda County Sheriff's Department, all of whom have sworn, under penalty of perjury, that they have searched for, and provided Plaintiff with, all documents, photos and other information in their possession, custody or control that might be responsive to his requests. See Martinez Decl. & Exs. 1-7.

6

By contrast, Plaintiff's contention that, despite the representations noted above, Defendants have not searched diligently enough to find the discovery he seeks, are speculative and unsupported by the record. Accordingly, Plaintiff's motion to compel is DENIED.

B. Additional Discovery

Rule 56(d) of the Federal Rules of Civil Procedure allows a party to avoid summary judgment when such party has not had sufficient opportunity to discover affirmative evidence necessary to oppose the motion. See Garrett v. San Francisco, 818 F. 2d 1515, 1518 (9th Cir. 1987).[1] In particular, Rule 56(d) provides that a court may deny a summary judgment motion and permit the opposing party to conduct discovery where it appears that the opposing party, in the absence of such discovery, is unable to present facts essential to opposing the motion.

Here, Plaintiff has had adequate opportunity to conduct discovery to seek facts to oppose the claims at issue in the motion for summary judgment, and he acknowledges in his opposition to the motion for summary judgment that he has received more than 1,500 discovery responses from Defendants. Accordingly, the request for additional discovery under Rule 56(d) is DENIED.

IV. Motion for Summary Judgment

A. Legal Standard

Summary judgment is only proper where the pleadings, discovery and affidavits show there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

---

[1] Garrett cites Rule 56(f), the subsection in which this provision formerly was set forth; as of December 1, 2010, the applicable provision is Rule 56(d). See Fed. R. Civ. P. 56.

7

of law." Fed. R. Civ. P. 56(c). Material facts are those that may affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.

The court will grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); see also Anderson, 477 U.S. at 248 (holding fact to be material if it might affect outcome of suit under governing law). The moving party bears the initial burden of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The burden then shifts to the nonmoving party to "go beyond the pleadings, and by his own affidavits, or by the 'depositions, answers to interrogatories, or admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324 (citing Fed. R. Civ. P. 56(e)).

In considering a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party; if, as to any given fact, evidence produced by the moving party conflicts with evidence produced by the nonmoving party, the court must assume the truth of the evidence set forth by the nonmoving party with respect to that fact. See Leslie v. Grupo ICA, 198 F.3d 1152, 1158 (9th Cir. 1999). The court's function on a summary judgment motion is not to make credibility determinations or weigh conflicting evidence with respect to a disputed material fact. See T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n, 809

F.2d 626, 630 (9th Cir. 1987).

B.   Mail Tampering

Plaintiff alleges a single incident of purported mail tampering that occurred on August 2, 2007, the day he was transferred from GDDF to SRCJ.  Specifically, Plaintiff alleges that prior to the transfer he handed to mailroom personnel two legal mail packages, each of which contained documents concerning his "writ."  3AC at 2.  The packages were addressed to the Alameda County Superior Court and the District Attorney's Office.  Id.

The following day, Plaintiff was transferred to state prison. Martinez Decl. ¶ 23.  When, after sixty days, he had not heard back from the Superior Court, he sent a notice regarding lost mail to GDDF.  On or about October 22, 2007, Plaintiff received the documents in question, which had been forwarded from GDDF as "Lost Mail."  3AC at 2.  He noticed that the documents were misplaced and not in their original envelopes.  Id.  He claims that as a result of the mishandling of his mail the "[j]udges rulings were effected" in his case.  Id.  He brings this claim against Sheriff Ahern, who he claims is responsible for implementing the mail policy and procedures that resulted in the mishandling of his mail.

Prisoners enjoy a First Amendment right to send and receive mail.  Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995). Nonetheless, prison officials may institute procedures for inspecting legal mail, which includes mail sent between attorneys and prisoners, see Wolff v. McDonnell, 418 U.S. 539, 576-77 (1974), and mail sent from prisoners to the courts, see Royse v. Superior Court, 779 F.2d 573, 574-75 (9th Cir. 1986).  While the deliberate delay of legal mail which adversely affects legal proceedings presents a cognizable claim for denial of access to the courts, see

Jackson v. Procunier, 789 F.2d 307, 311 (5th Cir. 1986), isolated incidents of mail interference without any evidence of improper motive or resulting interference with the right to counsel or access to the courts do not give rise to a constitutional violation. See Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990); Morgan v. Montanye, 516 F.2d 1367, 1370-71 (2d Cir. 1975); Bach v. Illinois, 504 F.2d 1100, 1102 (7th Cir. 1974).

Here, on the undisputed evidence presented by the parties, a First Amendment violation is not shown. This was an isolated incident of mail mishandling; there is no evidence that the mishandling was based on the content of the mail or was purposeful. Moreover, Plaintiff's conclusory assertion that the ruling in his Superior Court case was affected by the mishandling is unsupported and is not probative evidence that the mishandling had a negative impact on any legal proceeding. Additionally, Plaintiff's supervisory liability claim fails because his assertion is that the mail was not handled in accordance with Sheriff Ahern's written policy and procedures, and he has offered no evidence that shows there was a mailroom practice of subverting the policy.

Accordingly, summary judgment is GRANTED to Sheriff Ahern on this claim.

C. Deliberate Indifference to Safety/Denial of Court Access

Plaintiff alleges that upon arriving at SRCJ after his transfer from GDDF on August 2, 2007, he was placed in a cell with two inmates who were dressed in yellow clothing. Plaintiff, who was in full hand and leg restraints, was wearing red clothing. According to Plaintiff, red clothing indicates an inmate's segregation status, while yellow clothing indicates an inmate is housed on the mainline. Inmates wearing different colored clothing

are not to be placed in cells together. 3AC at 3(a).

Plaintiff alleges the two inmates took his legal materials, which were hard copies of his criminal appeal and several of his musical compositions, ripped them up and flushed them down the toilet and "physically abused" Plaintiff, who was unable to protect himself. Id. Plaintiff further alleges that "[p]resent at the seen [sic] was Deputy Fis[c]her, a female officer; who ignored plaintiff during the attacks; and refused to assist plaintiff while housed in the intack [sic] unit of receiving the '<u>afternoon time</u>', Aug. 2, 2007." He brings this claim against Fischer and Sheriff Ahern. 3AC at 3(a)-(b).

In support of the motion for summary judgment, Fischer affirmatively denies, under penalty of perjury, that she either witnessed or was aware of Plaintiff being physically attacked or of anyone destroying or taking his property on August 2, 2007. Decl. Shavies ¶¶ 5-6.[2] She further denies that she stood idly by while the alleged attack occurred. Id. ¶ 7. Additionally, Defendants have submitted evidence that the Sheriff's Department possesses no "grievance, information, record or document" that supports Plaintiff's allegations, nor is there any report documenting physical injury to Plaintiff on that date. Decl. Martinez ¶¶ 26-27.

In his declaration in support of his opposition to the motion for summary judgment, Plaintiff states that "Plaintiff recalls Deputy Fischer there and ignored Plaintiff during the morning/noon shift the incidents of Aug 2, 2007. She walked pass the

---

[2] Deputy Fischer's last name is now Shavies. For convenience and consistency, she will be referred to as Deputy Fischer herein.

11

location/cell several times without assisting Plaintiff, as Plaintiff called." Pl.'s Decl. ¶ 17.

Under the Eighth Amendment, prison officials must take reasonable measures to guarantee the safety of prisoners. Farmer v. Brennan, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. Id. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate safety. Farmer, 511 U.S. at 834; Hearns, 413 F.3d at 1040-41.

Here, Plaintiff has failed to present evidence that creates a genuine issue of material fact with respect to whether Fischer acted with deliberate indifference to his safety. Specifically, Fischer affirmatively denies that she was aware of the alleged incident or failed to come to Plaintiff's aid, and also has shown that the Sheriff's Department possesses no record of the incident. In response, Plaintiff has not presented evidence that refutes Fischer's. Rather, he states only that he was "jumped" by the inmates, without providing any further detail about the assault or resulting injury, Opp'n at 27-28, and that Fischer walked by the cell several times during the morning/noon shift without responding when "plaintiff called." He does not provide any further detail about what he said when he called or how many times he did so. Pl.'s Decl. ¶ 17. At most, Plaintiff's assertions show that Fischer might have heard Plaintiff calling to her when she walked

12

by his cell, but did not respond. Such assertions, however, do not raise a reasonable inference that Fischer knew Plaintiff was being beaten and intentionally failed to act to protect him. Further, Plaintiff has presented no evidence to refute to refute Fischer and Sheriff Ahern's evidence that no record of the incident exists.

Additionally, Plaintiff has not shown that, as a result of either Fischer's or Sheriff Ahern's actions, he was denied access to the courts. Prisoners have a constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 350 (1996). To establish a claim for a violation of this right, the prisoner must prove that he suffered "actual injury" because he was denied such access. Id. at 350-55. To prove an actual injury, he must show that the actions of prison officials hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement. See id. at 354-55. Here, Plaintiff has presented no evidence to support his assertion that either Fischer or Sheriff Ahern's conduct was the cause of the destruction of his legal documents or that he suffered an actual injury to court access as a result of the destruction.

Accordingly, summary judgment is GRANTED to Fischer and Sheriff Ahern on Plaintiff's deliberate indifference to safety and denial of court access claims.

D.  Deliberate Indifference to Serious Medical Needs

Plaintiff alleges that when he was incarcerated at SRCJ, Deputies Jones, Smith, DeLeon, Nelson, Delima, Kull and Valverde were deliberately indifferent to his serious medical needs between May 13, 2008 and August 24, 2008. Plaintiff further alleges that Sheriff Ahern was responsible for policies that permitted

13

indifference to his medical needs through September 2008.

Plaintiff was arrested and booked by the Hayward Police Department on May 13, 2008 and transported to SRCJ the next day. Plaintiff maintains that, from his arrival at SRCJ on May 14, 2008 through August 24, 2008, Defendants acted to prevent him from seeking medical treatment for injuries he suffered from the alleged beating by other inmates at SRCJ on August 2, 2007 (discussed above), and from an old gunshot wound to his neck. He also claims that the lack of adequate attention to those needs resulted in his re-injuring himself on August 13, 2008, when he was moved through the jail while in restraints.

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official is deliberately indifferent if he knows a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Consequently, in order for deliberate indifference to be established, there must exist both a purposeful act or failure to act on the part of the defendant and harm resulting therefrom. See McGuckin, 974 F.2d at 1060.

The Court finds Plaintiff has not presented evidence that

raises a triable issue of fact as to whether Defendants acted with deliberate indifference to his serious medical needs. As an initial matter, it is undisputed that Defendants are not medical providers. Rather, they are sheriff's deputies who Plaintiff claims knew of his injuries and prevented him from receiving necessary medical care. Plaintiff, however, has not presented evidence that supports his assertion. In particular, the undisputed facts show the following: (1) Plaintiff was medically assessed when he arrived at SRCJ on May 14, 2008, and the only injuries noted were a wrist abrasion three to four days old and an old gunshot wound to the neck, which he states he suffered in 1987; (2) deputy sheriffs escorted him to sick call on May 20, 27 and 30, 2008, July 10, 2008, and September 9 and 15, 2008; (3) he had two sets of x-rays taken while at SRCJ -- an x-ray of his right wrist, on May 28, 2008, and of his right wrist and lumbar spine, on September 10, 2008, both of which showed no acute findings; (4) he refused an annual health assessment on May 29, 2008 and acknowledged that he would assume all responsibility for his welfare; (5) he refused to cooperate during physical therapy appointments on June 17, 2008, June 19, 2008 and July 3, 2008; (6) medical staff provided him with pain medication from May 27, 2008 to June 3, 2008, and from July 30, 2008 to August 13, 2008. See Decl. Gilbert & Exs. 1-6; Decl. Gober & Ex. 1; Decl. Molloy.

Further, Plaintiff claims Defendants did not comply with a medical order for special housing and bunk assignments. Defendants, however, have presented undisputed evidence that Plaintiff never informed the housing unit deputies of that order and, pursuant to Alameda County Jail regulations, it is the

prisoner's responsibility to inform the housing unit deputy of an order to be placed on the lower tier and lower bunk. Decl. P.M. Jones ¶ 6-7. Without knowledge of Plaintiff's medical needs, Defendants could not have been deliberately indifferent to them.

Additionally, Plaintiff has not presented evidence that Deputy Jones acted with deliberate indifference when he moved Plaintiff in restraints on August 12, 2008, which, Plaintiff alleges, caused him to fall and re-injure himself. Even if Plaintiff fell because he was restrained and not, as Jones wrote in the incident report, because his foot slipped out of his sandal, there is no evidence that Jones knew of a substantial risk of harm to Plaintiff and failed to act to prevent such harm. Rather, it is undisputed that Plaintiff was housed in administrative segregation and all such inmates must be moved in restraints; Plaintiff does not allege that a medical order required that he be excepted from this procedure or that Jones failed to honor such an order. Nor does he allege any other facts which support the proposition that Jones acted with deliberate indifference.

Finally, Plaintiff has not shown supervisory liability for deliberate indifference to his medical needs by Sheriff Ahern. Respondeat superior liability does not exist under 42 U.S.C. § 1983. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Id. Here, Plaintiff has not shown that any deputy sheriff acted with deliberate indifference to his serious medical needs or that any Sheriff's Department policy resulted in the violation of

16

his constitutional rights.

Based on the above, summary judgment is GRANTED in favor of Defendants on this claim.

E. Qualified Immunity

Defendants argue that they are entitled to qualified immunity. The defense of qualified immunity protects "government officials . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The threshold question in qualified immunity analysis is: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Saucier v. Katz, 533 U.S. 194, 201 (2001). The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable defendant that his conduct was unlawful in the situation he confronted. Id. at 202.

On the facts presented herein, viewed in the light most favorable to Plaintiff, Defendants prevail as a matter of law on their qualified immunity defense because the record establishes no constitutional violation. Even if a constitutional violation did occur, however, Defendants could have reasonably believed their conduct was lawful. Specifically, with respect to Plaintiff's mail tampering claim, it would not have been clear to Sheriff Ahern that his policy for the inspection of legal mail violated the First Amendment because of a single incident of Plaintiff's mail being mishandled. Additionally, it would not have been clear to Deputy Fischer or Sheriff Ahern that Plaintiff's right to be protected

from attack by other inmates was violated based on Plaintiff's bare statement that he called out to Fischer when she passed by his cell but she did not respond. Further, it would not have been clear to Fischer or Sheriff Ahern that Fischer violated Plaintiff's constitutional right of access to the courts by failing to prevent other inmates from flushing his legal materials down the toilet. Finally, it would not have been clear to those Defendants who are alleged to have prevented Plaintiff from receiving adequate medical care that they were acting with deliberate indifference to his serious medical needs. They escorted him to see medical staff on numerous occasions, were unaware of a medical order to provide him with certain housing and bunk assignments, and escorted him in restraints when there was no medical order requiring a different procedure.

Accordingly, Defendants are entitled to qualified immunity with respect to all of Plaintiff's claims, and their motion for summary judgment is GRANTED for this reason as well.

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's motion for leave to file a fourth amended complaint is DENIED.

2. Plaintiff's motion to compel discovery is DENIED.

3. The administrative segregation and food tampering claims are DISMISSED with prejudice.

4. The excessive force and illegal search claims are DISMISSED without prejudice.

5. Defendants' motion for summary judgment is GRANTED.

The Clerk of the Court shall enter judgment and close the

18

file.  All parties shall bear their own costs.

This Order terminates Docket nos. 67, 84 and 85.

IT IS SO ORDERED.

Dated: 3/27/2012

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE